IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| WILLIAM NORKUNAS | ) | |
| | ) | No. 3-11-0281 |
| v. | ) | |
| | ) | |
| RNA, LLC | ) | |

**MEMORANDUM**

I. Background

The plaintiff filed this action asserting that the defendant owned a motel that was not in compliance with Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 et seq. The defendant filed an answer and amended answer (Docket Entry Nos. 15 and 19), and an initial case management conference was held on August 9, 2011, after which case management orders were entered (Docket Entry Nos. 24-25). Four telephone conference calls were held with counsel for the parties and the Court and the plaintiff filed a motion to compel and motion for partial summary judgment. The motion to compel was granted but, before the motion for summary judgment was ripe for review, the parties entered into and filed a proposed consent decree, which the Court approved and entered on October 19, 2011 (Docket Entry No. 36).

In the consent decree, the parties agreed to certain changes to the property, including modifications to parking spaces, doors, access to certain areas of the motel, the swimming pool, public telephone(s) and restrooms, and guest rooms. In addition, the consent decree provided that the defendant would pay the plaintiff's attorneys' fees, litigation expenses and experts expenses, and costs. If the parties were unable to agree upon an amount of such fees, expenses and costs, the Court would determine the amount to be paid.

II. Fee Application

When the parties were unable to reach a resolution on the amount of fees to be awarded, the plaintiff filed an application for attorney's fees, costs and expert's fees (Docket Entry No. 37), in

which the plaintiff seeks an award of $26,254.50 in attorneys' fees, including paralegal fees, and $10,168.88 in costs, including expert fees, for a total of $36,423.38. In support, plaintiff's Florida counsel has filed a curriculum vitae, local counsel has filed a declaration, both attorneys have filed itemizations of fees and expenses, and counsel have filed the invoices, curriculum vitae, and a 41 page report of their expert. See Docket Entry Nos. 37-2 through 37-8.

In response, the defendant decries the use of the ADA to create a cottage industry, resulting in windfalls and "get rick quick" schemes against the chosen prey. The defendant describes the plaintiff as a professional litigant, referring to 43 ADA cases filed by plaintiff's counsel on behalf of the plaintiff throughout the country. The defendant maintains that the "seasoned professional" representing the plaintiff in this case either could or should not have expended over 64 hours in this case in which no discovery was taken, there were no difficult issues, and no high degree of skill was required. The defendant describes as unjustified Mr. Fuller's requested hourly fee of $425.00, and Mr. Street's requested hourly fee of $350.00. The defendant suggests that a reasonable attorneys' fee would be $13,127.25, and a reasonable expert fee would be $2750.00. In conclusion, the defendant:

> pleads with this Court to look beyond the hours claimed; to see past the hourly rate requested; and to consider what is at the heart of this case. The Old Best Western will be ADA compliant. That is what the Plaintiff wanted and that is what the Plaintiff is getting. To allow the Plaintiff to now pick the owners pocket is a fleecing that is simply not justified.

Docket Entry No. 38. at 5.

In reply, the plaintiff claims that some of his counsel's time was spent as a result of the defendant's own actions, including raising what the plaintiff describes as frivolous defenses, refusing to comply with discovery requests, and a delay in responding to what the plaintiff considered a reasonable settlement proposal. In addition, the plaintiff pointed out that the defendant does not suggest an alternative hourly rate. The plaintiff also attached an updated bill for legal services, amounting to $39,185.88, which includes the time spent in reviewing the defendant's response to the fee application and preparing the reply.

The defendant does not dispute that the plaintiff is entitled to an award of attorneys' fees and expenses. Under the ADA, the prevailing party is entitled to attorneys' fees. See 42 U.S.C. § 12205. See also Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Res., 532 U.S. 598, 600-604, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). It is not disputed that the plaintiff is a prevailing party. In addition, the consent decree itself provides for an award of "attorneys' fees, litigation expenses and expert fees, and costs incurred in this matter." Docket Entry No. 35, at 2, § 2.

In determining a reasonable amount of an attorneys' fee award, the Court must begin by determining the lodestar amount, which is the number of hours reasonably expended multiplied by a reasonable hourly rate. See Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); Isabel v. City of Memphis, 404 F.3d 404, 415 (6th Cir. 2005). The fees awarded must be reasonable and "adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." Geier v. Sundquist, 372 F.3d 784, 791 (6th Cir. 2004); Adcock-Ladd v. Secretary of Treasury, 227 F.3d 343, 349 (6th Cir. 2000); Reed v. Rhodes, 179 F.3d 453, 471 (6th Cir. 1999), citing Blum v. Stenson, 465 U.S. 886, 893, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). When a plaintiff has obtained excellent results, his counsel is entitled to a "full compensatory fee," Hensley, 461 U.S. at 435, and a reduction in attorneys fees is appropriate only in "rare and exceptional cases where specific evidence requires it." Isabel, 404 F.3d at 416.

In determining the lodestar fee and/or adjustments to the lodestar amount, the Court must consider the following factors, as first enunciated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974): (1) the time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment due to acceptance of this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client; (7) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. See Blanchard v. Bergeron, 489 U.S. 87, 91 n.5, 109 S.Ct. 39, 103

L.Ed.2d 67 (1989);[1] Hensley, 461 U.S. at 430 n.4; Isabel, 404 F.3d at 415; Adcock-Ladd, 227 F.3d at 349 & n.8. The most important factor in determining the reasonableness of an attorneys' fees is the degree of success obtained. Hensley, 461 U.S. at 436; Farrar v. Hobby, 506 U.S. 103, 114, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992); Isabel, 404 F.3d at 416.

The defendant expresses astonishment that two seasoned lawyers, one of whom represented the plaintiff in this action in 43 other ADA cases, would have spent over 64 hours in this case, when no discovery was taken and "little more than a Complaint and Answer being filed, and a few negotiations." Docket Entry No. 38, at 3. Yet, the defendant did not attack any particular item listed by the plaintiff as being unnecessary, duplicative, or otherwise unreasonable. Although the defendant maintains that the hourly rates proposed by plaintiff's counsel are not justified, the defendant did not suggest any alternative hourly rate. Nor did the defendant provide any affidavits or other support for the position that the hourly rates are unreasonable. Instead, the defendant suggests that a reasonable total amount for attorneys' fees would be $13,127.25, which is half of what the plaintiff has requested. The defendant also described as extravagant the plaintiff's request for $8280.00 in expert fees, and suggested a fee of no more than $2750.00. However, the defendant does not challenge the expert's expertise or his standard fees or the amount of time he spent in this case or otherwise provide any specific support for reducing the expert's fee.

A. Hourly Rates

Neither the plaintiff nor the defendant provided any affidavits from other attorneys in this area relating to the reasonable hourly rate considering the skill, experience, and reputation of the attorneys. See B & G Mining, Inc. v. Director, Office of Workers' Comp. Programs, 522 F.3d 657, 666 (6th Cir. 2008) ("attorney would have been well served by submitting an affidavit from an experienced attorney in the same or similar field attesting to that attorney's customary rate and the

---

[1] In Blanchard, the Supreme Court held that a contingent fee agreement does not place a ceiling on the amount of fees that can be awarded. 489 U.S. at 93-96.

rates prevalent in the market"). See also Blum, 465 U.S. at 896 n.11; Cummings Inc. v. BP Prods. N. Am., Inc., 2010 WL 79825, at *3 (M.D. Tenn. Mar. 3, 2010).

Mr. Fuller seeks an award of attorneys' fees based on his proposed hourly rate of $425.00. Mr. Fuller graduated from law school in 1974, and has had over 37 years of experience practicing law, with over 13 years of experience in ADA cases, bringing "hundreds of lawsuits seeking to force property owners to bring their property into ADA compliance." Docket Entry No. 37, at 7; Docket Entry No. 37-2. The plaintiff listed various cases in other jurisdictions that the plaintiff described as "civil rights, ADA cases" in which courts approved hourly fees from $325.00 to $450.00 from 2005 through 2010. Id. at 5.[2] Taking into account the fees the plaintiff cited as examples as well as cases in this District in which fees have been awarded, the Court finds that Mr. Fuller's hourly rate should be reduced to $400.00 per hour. See Mathis v. Wayne Cnty. Bd. of Educ., 1-09-0034 (M.D. Tenn. Aug. 2, 2011) (hourly rate reduced from $400.00 per hour to $375.00 for Nashville attorney with 27 years of experience despite finding that the case was challenging with very sensitive facts); Harris v. Metropolitan Gov't of Nashville & Davidson Cnty, Tenn., 3-04-0762 (M.D. Tenn. Aug. 6, 2009) (hourly rate for Nashville attorney, who had practiced for 28 years before 2004, reduced to $300.00); Doe v. Wilson Cnty. Sch. Sys., 3-06-0924 (M.D. Tenn. Sept. 24, 2008) (reduced requested hourly rate from $400.00 to $350.00 for same lawyer in Mathis, supra); Layman Lessons, Inc. v. City of Millersville, Tn., 3-06-0588 (M.D. Tenn. Apr. 29, 2008) (Nashville attorney with 28 years experience sought and was awarded fees at the rate of $300.00 per hour when case involved novel and difficult questions). See also Dowling v. Litton Loan Servicing LP, 320 Fed.Appx. 442, 2009 WL 961124 (6th Cir. Apr. 9, 2009) (affirming hourly rate of $300.00 set after 2007 trial for attorney with over 30 years experience).

---

[2] The plaintiff included the case of Toop, Inc. v. Uniden America Corp., 2007 WL 2155604 (S.D. Fla. July 25, 2007), for the proposition that a court awarded and approved a rate of $551.00 per hour. However, that case is entirely inapposite. First, the award was in the context of an award for travel and preparation for a cancelled deposition and not on the merits of the case. Second, that case was not an ADA case or a civil rights case.

Mr. Street seeks an award of attorney's fees based on an hourly rate of $350.00 per hour. Mr. Street graduated from law school in 2001. He relates that, in the last two years he has concentrated on employment cases, including ADA cases, and he attests that, except for a "handful" of clients for whom he charges a lower rate, he charges $350.00 per hour. See Docket Entry No. 37-3. Based on the previous analysis of the appropriate hourly rate for Mr. Fuller and the cases considered by the Court, the Court finds that it is also appropriate to reduce the hourly rate for Mr. Street to $300.00 per hour. See also Bryant v. Dollar Gen. Corp., 2007 WL 1875825 (M.D. Tenn. June 26, 2007) ($225.00 hourly rate approved for attorney with nine years experience).

B.   Number of Hours

Mr. Fuller has, by his own acknowledgment, brought many similar ADA cases throughout the country. Based on his experience and expertise, the Court assumes that he has been able to streamline his representation in these cases, which present similar, although not identical, factual and legal issues. In other words, it would be reasonable to believe that there are some economies of scale. However, the Court cannot discern that there has been any particular reduction in time spent by Mr. Fuller or Mr. Street as a result of Mr. Fuller's years of experience and specialization in these cases. The Court finds some unnecessary time expended on such simple matters as moving to continue the case management conference and filing a notice of unavailability, which is a procedure that is foreign to this Court. The Court also finds that there is some duplicative time spent by Mr. Fuller and Mr. Street and unnecessary reviews by Mr. Street. Although local counsel is required by Local Rule and might have been particularly helpful in coordinating the inspection of the property in Nashville, the division of responsibilities between out of town and local counsel is not clear. A review of Mr. Street's paralegal's hours also suggest that some of the tasks described were redundant, duplicative or unnecessary and that some tasks may fall within the realm of administrative duties rather than within the scope of a paralegal. However, the Court finds that the paralegals' hourly rate of $50.00 per hour is reasonable.

6

Based on a review of the billing statements, the Court finds that it is appropriate to reduce the amount of hours through December 9, 2011, by ten (10) percent. The Court finds that a ten percent across the board reduction based on excessive, unnecessary and/or duplicative hours is appropriate. See Auto Alliance Int'l, Inc. v. United States Customs Serv., 155 Fed.Appx. 226, 228, 2005 WL 3149673, *2 (6th Cir. Nov. 23, 2005).

The plaintiff also seeks fees based on activity after December 9, 2011, all of which appears to be related to discussing, researching, preparing, and filing and briefing the fee application. The general rule enunciated by the Sixth Circuit is that, absent unusual circumstances, recovery for preparing a fee application should not exceed three (3) percent of the hours in the underlying case if there was no trial. Coulter v. Tennessee, 805 F.2d 146, 152 (6th Cir. 1986), cert. denied, 482 U.S. 914, 107 S.Ct. 3186, 96 L.Ed.2d 674 (1987). See also Gonter v. Hunt Valve Co., Inc., 510 F.3d 610, 620-21 (6th Cir. 2007). Mr. Fuller's listings for December 10, 2011, December 12, 2011, and December 13, 2011, totalling $3612.15, are clearly related to the fee application,[3] and far exceed three percent of the total attorneys' fees requested. The Court finds that there are no unusual circumstances to justify deviating from the Coulter rule. Accordingly, the amount to be added to the attorneys fees award for preparing the fee application will be reduced to three percent.

C.  Fee Calculations

The fee calculations are therefore as follows:

Total hours for Mr. Fuller: 32.9 hours X $400.00 per hour = $13,160.00

Total hours for Mr. Street: 23.6 hours X $300.00 per hour = $7080.00

Total hours for paralegals: 5.6 hour + 1.3 hour = 6.9 X $50.00 per hour = $345.00

Total fee for attorneys and paralegals: $13,160.00 + $7080.00 + $345.00 = $20,585.00

Less $2058.00 (10% reduction): $20,585.00 - $2058.00 = $18,527.00

---

[3] Similarly, the additional listings for January 31, 2012, and February 2, 2012, in Exhibit C to the plaintiff's reply, Docket Entry No. 39-3, clearly relate to the fee application.

7

Plus 3%: $18,527.00 + $555.81 = $19,082.81.

The Court finds no reason to reduce or increase the lodestar amount or make any further adjustments based on the Johnson factors.

D.  Expert and Other Costs and Expenses

The defendant contends that the plaintiff should not charge more than $2750.00 for his expert. However, other than the fact that the defendant thinks the expert was too expensive and made "out like a bandit," Docket Entry No. 38, at 4, the defendant provided the Court with no reason to reduce the expert's fees. The defendant has not suggested that the plaintiff's expert was not qualified to provide the opinions set forth in his report or that the report was flawed in any way or that he could have prepared the 41 page report in less time. Although some portions of the report may be stock provisions, it appears that the report is at least reasonably tailored to the property at issue. The amount requested for the expert's expenses and report is not so outrageous that the Court can discount his charges as unreasonable without some basis.

Therefore, the award should include the expert's fees in the amount of $8280.00.

In addition, the plaintiff also seeks an award of $1888.88, in other costs, all of which appears reasonable except for $46.85 for a Federal Express shipment. It is not clear why anything had to be mailed Federal Express. Therefore, the $1888.88 will be reduced by $46.85, for a total amount for costs and expenses of $1842.03.[4]

An appropriate order will enter.

JULIET GRIFFIN
United States Magistrate Judge

---

[4] It might be argued that the plaintiff should have filed a Bill of Costs in accord with Rule 54 of the Federal Rules of Civil Procedure and Local Rule 54.01. However, the defendant has not objected to the costs sought (except related to the plaintiff's expert) and they do not appear unusual or excessive. In addition, the consent decree contemplates an award of costs if the parties cannot agree. Therefore, the Court has considered them as part of the award of fees and expenses.

8